# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDDIE OLIVER,

      Plaintiff,

v.                                                           Case No. 04-C-735

MATTHEW FRANKS, GARY R. MCCAUGHTRY,
LT. THOMPSON, JOHN DOE, and MARC CLEMENTS,

      Defendants,

## ORDER

Plaintiff Freddie Oliver, who is incarcerated at the Waupun Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Defendants have filed a motion to dismiss the amended complaint and plaintiff has filed a motion to strike defendants' motion to dismiss. In addition, several other motions are pending. All of these motions will be addressed herein.

## I. BACKGROUND OF THE CASE

On October 4, 2004, I screened the complaint pursuant to 28 U.S.C. § 1915A[1] and found that it stated Eighth Amendment failure to protect, substantive due process, and

---

[1] That section states in relevant part:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

denial of access to the courts claims, as well as two state law claims. The defendants named in the original complaint were Matthew Frank, Gary McCaughtry, Lt. Thompson, and John Does 1-4. Plaintiff was advised to use discovery to obtain the names of John Does 1-4.

On November 9, 2004, defendants filed a motion to dismiss the complaint for failure to exhaust administrative remedies and for lack of personal involvement as to certain defendants. In response, plaintiff filed a motion to stay defendants' motion to dismiss until after completion of discovery. Plaintiff conceded that he failed to exhaust his administrative remedies. However, he alleged that defendants interfered with his ability to exhaust, that he lacked specific information concerning the dates and times of defendants' interference, and that he needed to conduct discovery in order to adequately respond. Plaintiff also filed a motion to amend the complaint along with a proposed amended complaint.

On January 24, 2005, the court granted plaintiff's motion to amend the complaint.[2] Defendants' motion to dismiss the original complaint was denied as moot, as was plaintiff's motion to stay. Furthermore, the court stated that "[p]laintiff should have an opportunity to demonstrate whether administrative remedies were available to him. A Scheduling Order imposing deadlines for the completion of discovery and for the filing of dispositive motions follows." (Order of January 24, 2005, at 4.) The Scheduling Order set a May 23, 2005, deadline for the completion of discovery and a June 27, 2005, deadline for the filing of dispositive motions.

---

[2] The amended complaint, which was filed on December 22, 2004 and adds Marc Clements as a defendant, is the operative complaint in this action.

## II. PENDING MOTIONS

On February 8, 2005, defendants filed a motion to dismiss the amended complaint for failure to exhaust administrative remedies and for failure to state a claim as to certain defendants. In response, plaintiff filed a motion to strike defendants' motion to dismiss.

Plaintiff contends that defendants' motion to dismiss conflicts with the Scheduling Order because pursuant to that order he had until May 23, 2005, to complete discovery. According to plaintiff, he received responses from defendants to his first set of interrogatories on March 24, 2005, and now intends to file a second set of interrogatories in compliance with the Scheduling Order. Plaintiff states that "[b]ecause the court gave plaintiff until May 23, 2005, to complete his discovery and intended that no dispositive motions will be submitted until then, plaintiff respectfully moves this honorable court to strike the defendants' motion to dismiss." (Pl.'s Mot. to Strike at 2.) Defendants contend that plaintiff does not need to discover any additional facts in order to respond to defendants' motion since their motion to dismiss was based solely on the pleadings. (Letter of April 20, 2005, at 1.)

On April 27, 2005, plaintiff filed a motion for leave to file second amended complaint along with a proposed second amended complaint. The proposed pleading identifies John Does 1-4 as Sergeant Douglas Knapp, Jeff Friday, Brian Zimmerman, and Michael Mahn.

On June 13, 2005, plaintiff filed a motion for leave to file third amended complaint along with a proposed third amended complaint. In support of his motion, plaintiff asserts that Lt. Thompson, who was named as a defendant in the original complaint, is correctly

3

identified as Capt. Michael Thomas. Plaintiff wishes to substitute Capt. Michael Thomas for Lt. Thompson.

On June 13, 2005, defendants filed a motion to stay the summary judgment deadline pending disposition of defendants' motion to dismiss. Plaintiff filed a motion to join defendants' motion for a stay of summary judgment proceedings on June 20, 2005.

### III. ANALYSIS

Defendants filed their motion to dismiss two weeks after the January 24, 2005, order setting a scheduling order and explaining that plaintiff should be given an opportunity to demonstrate whether administrative remedies were available to him. Defendants are correct that the scheduling order sets <u>deadlines</u> for the completion of discovery and for the filing of dispositive motions. Nevertheless, defendants' motion to dismiss was premature. Plaintiff had indicated that he needed to conduct discovery in order to demonstrate that administrative remedies were not available to him. It is unrealistic to think that the <u>pro</u> <u>se</u> plaintiff could conduct discovery on the issue of exhaustion and timely respond to defendants' motion to dismiss for failure to exhaust. Moreover, it appears that the issue of whether plaintiff exhausted is factual and therefore, if a dispositive motion is to be filed concerning the issue, it should be a motion for summary judgment.

Based on the foregoing, defendants' motion to dismiss will be denied. Plaintiff's motion to strike, which the court construes as a response to defendants' motion, will be denied as moot. This Order will set a new Scheduling Order.

Plaintiff has used discovery to identify the John Doe defendants and he has filed two motions to amend the complaint. The first motion, filed on April 27, 2005, will be denied as

4

moot. Plaintiff's June 13, 2005, motion for leave to filed a third amended complaint will be granted and the proposed third amended complaint will now be the operative complaint in this action. The United States Marshal will be ordered to serve the new defendants.

Finally, defendants' June 13, 2005, motion to stay will be denied as moot and plaintiff's June 20, 2005, motion to join that motion will also be denied as moot.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Docket #18) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Docket #23) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file second amended complaint (Docket #25) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion to adjourn summary judgment deadline (Docket #27) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file third amended complaint (Docket #28) is **GRANTED**. The third amended complaint is now the operative complaint in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the new defendants pursuant to Federal Rule of Civil Procedure 4. The new defendants are Sergeant Douglas Knapp, Jeff Friday, Brian Zimmerman, Michael Mahn, and Capt. Michael Thomas.

5

**IT IS FURTHER ORDERED** that the clerk's office shall substitute Capt. Michael Thomas for defendant Lt. Thompson.

**IT IS FURTHER ORDERED** that plaintiff's motion to join defendants' motion for a stay of summary judgment (Docket #29) is **DENIED AS MOOT**.

## SCHEDULING ORDER

To expedite a resolution of this case, the court sets forth the following scheduling order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **November 14, 2005**.

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Summary Judgment.** Motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than December 14, 2005, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   Plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** Plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 16 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge